**Cheryl Emily GRAVES and Don Graves, Plaintiffs,**

v.

**MAZDA MOTOR CORPORATION, Defendant.**

**Case No. CIV–08–35–F.**

United States District Court, W.D. Oklahoma.

Feb. 26, 2009.

Amy K. Witherite, Brian A. Eberstein, Eberstein & Witherite LLP, Eric T. Tracy, The Tracy Firm, Dallas, TX, Paul D. Kouri, Rex K. Travis, Travis Law Office, Henry A. Meyer, III, Meyer & Leonard PLLC, Oklahoma City, OK, for Plaintiffs.

Daniel D. Draper, III, Draper Law Firm, Owasso, OK, David L. Ayers, Jennifer A. Rogers, Watkins & Eager PLLC, Jackson, MS, for Defendant.

### ORDER DETERMINING APPLICABLE LAW

STEPHEN P. FRIOT, District Judge.

Before the court is Defendant's Motion to Determine Applicable Law, filed on January 6, 2009 (doc. no. 43). Plaintiffs have responded to the motion (doc. no. 52), and defendant has replied (doc. no. 53). Defendant has also supplemented its reply to correct a problem with one of the exhibits to its reply (doc. no. 54). The motion is at issue.

Defendant's motion requires the court to determine whether the substantive law of Oklahoma, or the substantive law of Mississippi, applies in this case.[1]

---

1. Plaintiffs seek to carve two issues out of the choice of law analysis which might otherwise govern the choice of law determination in this case. Plaintiffs assert that, in any event, the admissibility of evidence as to other incidents

The competing choice of law analyses proposed by the parties predominantly rely, as might be expected, on the Oklahoma Supreme Court's seminal decision in *Brickner v. Gooden*, 525 P.2d 632 (Okla. 1974), and, to a lesser extent, on the more recent decision in *Ysbrand v. Daimler-Chrysler Corp.*, 81 P.3d 618 (Okla.2003). The main significance of the *Ysbrand* decision, at least for present purposes, is that it quotes at length the overarching choice of law principles set forth in Section 6 of the Restatement (Second) of Conflicts of Law (herein: Restatement). In contrast, the court, in *Brickner*, quoted that portion of Restatement § 145 which incorporated the principles stated in Restatement § 6, but did not explicitly undertake an analysis under Restatement § 6. The court, in *Brickner*, was content to analyze the case before it under § 145, having quoted the portion of § 145 which prescribes the four familiar contacts (discussed further below) "to be taken into account in applying the principles of § 6 [2] to determine the law applicable to an issue." *Brickner*, 525 P.2d at 635. In the case at bar, as in *Brickner*, the broad principles expounded in § 6 (*e.g.*, "the needs of the interstate and international systems" and "the protection of justified expectations") are very adequately expressed, and made applicable to this tort case, by the more specific language of § 145.[3]

The facts relevant to the choice of law issues in this case are uncomplicated. As will be seen, some of the facts are more significant than others.

The plaintiffs are Oklahoma residents. The defendant is a Japanese corporation. Plaintiff Cheryl Graves seeks to recover for injuries she suffered in Hattiesburg, Mississippi on February 11, 2007. The claims asserted by plaintiff Don Graves are based entirely on the injuries suffered by Cheryl Graves, as well as the consequences of those injuries.

Cheryl Graves traveled by airline to Mississippi on February 9, 2007. Before she left Oklahoma to travel to Mississippi, Mrs. Graves made an online automobile rental reservation. She did not reserve any particular make of automobile. Rather, she reserved a compact car with automatic transmission and air conditioning.

At the Hattiesburg–Laurel Regional Airport, the automobile rental reservation

is governed by Oklahoma law. Doc. no. 52, at 7. Plaintiffs also assert that Mississippi's damage cap legislation violates Oklahoma's public policy and should accordingly not be applied, regardless of whether Mississippi law is otherwise applicable. *Id.* at 17. The court is dubious as to the second point and expresses no opinion as to the first. The parties are invited to give these issues more detailed treatment in their trial briefs.

**2.** At the risk of seeming pedantic, it should be noted that there is a typographical error in the Westlaw version of *Brickner v. Gooden*. Restatement § 145, both as published and as quoted in the hardbound version of *Brickner v. Gooden*, refers to "the principles of § 6." In contrast, the Westlaw version of *Brickner v. Gooden* shows the Supreme Court to be quoting Restatement § 145 as referring to "the principles of § 60." This is noted only be-

cause the cross reference to § 6 is important to an understanding of the relationship between § 6 and § 145.

**3.** *Compare, CRST Van Expedited, Inc. v. J.B. Hunt Transport, Inc.*, 2006 WL 335765 (W.D.Okla.), where the court undertook an analysis under § 6 as well as under § 145. That case, although it was a tort case (tortious interference with contractual relationships), involved an ongoing competitive relationship between the plaintiff and the defendant—a relationship that gave rise to litigation based on events that occurred in numerous states. The *CRST* case, involving, as it did, facts relevant to choice of law which were much more complex (and laden with commercial ramifications) than the facts of the case at bar, invited analysis with the aid of the broad principles stated in Restatement § 6. The case at bar does not.

was fulfilled by the signing of a rental agreement by Mrs. Graves and the delivery of a Mazda 6 to Mrs. Graves pursuant to the rental agreement signed at the airport. As described by Mrs. Graves in her deposition:

> Q How about on this case, you ended up in a Mazda, Mazda 6. Was that just the vehicle that showed up as the best deal to you or did you have other thought process on how you ended up renting a Mazda 6?
>
> A I didn't rent a Mazda. I asked for a four-door sedan.
>
> Q Do you know how it came to be that you ended up in a Mazda 6?
>
> A They simply gave it to me.
>
> Q "They" being Hertz, the rental facility?
>
> A Hertz gave it to me, and it was a small airport.

Cheryl Graves Deposition, at 102–03.

The Mazda 6 automobile had been sold at retail in Mississippi and was registered in Mississippi. Given the migratory nature of rental cars, these facts, although worthy of note, are of negligible significance.

On February 11, 2007, while returning to the airport to fly back to Oklahoma, Mrs. Graves had a serious accident which resulted in serious injuries. She was treated for her injuries in Mississippi and later received rehabilitative services in Oklahoma.

In this action, filed on January 11, 2008, Mr. and Mrs. Graves assert claims based on strict products liability and negligence. They claim that the Mazda was defective and unreasonably dangerous and that Mazda was negligent in the design, manufacture, assembly, marketing and testing of the car.

The plaintiffs contend that Oklahoma substantive law controls this case. Defendant contends that Mississippi law controls. Under Restatement § 145, as adopted in *Brickner v. Gooden,* the court must determine which of these two states has the most significant relationship to the occurrence and the parties under the principles stated in Restatement § 6, taking into account the contacts listed in Restatement § 145, *viz*: (i) the place where the injury occurred, (ii) the place where the conduct causing the injury occurred, (iii) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (iv) the place where the relationship, if any, between the parties is centered.

The place where the injury occurred is Mississippi. Because plaintiff asserts a design defect (*see* exhibit O to doc. no. 54), it may safely be assumed that the conduct causing the injury (if, in fact, Mazda caused the injury) occurred in a jurisdiction other than Mississippi or Oklahoma. The court agrees with plaintiffs that "[t]his factor offers little to the choice-of-law analysis." Doc. no. 52, at 9. The plaintiffs reside in Oklahoma. The defendant is a Japanese corporation domiciled in Japan. The relationship between the parties originated in Mississippi.[4]

In resolving the choice of law issue in this case, the court does not engage in "mere counting of factual contacts, to see which state has the most," *Leflar, American Conflicts Law,* at 330 (Bobbs–Merrill, 1968), although that approach would likely lead to the same result as the result

---

4. As has been seen, Mrs. Graves did not know that she was going to be renting a Mazda until after she arrived at the airport in Mississippi. Consequently, plaintiff's assertion that "Mrs. Graves was influenced in her decision to rent the Mazda (over any other choice of vehicle), by the many dollars spent in Mazda's Oklahoma advertising campaigns," doc. no. 52 at 10, is tenuous at best.

reached under the court's more nuanced analysis. Instead, the court analyzes the matter by ascertaining which factors should, in a reasoned analysis, be given the most weight.

The court does not entirely discount, for choice of law purposes, the fact that the plaintiffs are Oklahoma residents. In this diversity case, the court sits, for most purposes, as an Oklahoma court, having a natural concern for the administration of justice in matters involving Oklahoma citizens who seek recompense for their asserted injuries. On the other hand, speaking of fortuities (as both parties do), if the rental car involved in this case was defective, it was purely fortuitous that the first injurious manifestation of that defect (so far as is shown by the record) affected an Oklahoma resident. Plaintiffs assert, on the subject of fortuities, that "[t]he happening of the incident in Mississippi was a mere fortuity." Doc. no. 52, at 2. The court disagrees. The fact that this accident occurred in Mississippi was certainly much less fortuitous than the fact that the asserted design defect manifested itself at the expense of an Oklahoma resident.

Analyzing the issues now before it under Restatement § 145, the court concludes that Mississippi is the state which "has the most significant relationship to the occurrence and the parties." *Brickner*, 525 P.2d at 637. In reaching this conclusion the court attaches the greatest significance to the fact that Cheryl Graves and Mazda both chose to engage in activities in Mississippi, and it was the activities in Mississippi which they have in common (supplying a car, on one hand, and renting and driving that car, on the other hand) which provided the context in which the claims asserted in this case. To be sure, other facts relating to choice of law are relevant and must be noticed (such as the fact that the plaintiffs are Oklahomans, the fact that defendant is a Japanese corporation, and

the fact that the design defect, if any, resulted from activities in a jurisdiction other than Mississippi or Oklahoma), but, accepting the Restatement § 145 approach, as adopted in *Brickner v. Gooden*, as a mandate to substitute reasoned analysis for the arbitrariness of *lex loci delicti*, reasoned analysis leads the court to conclude that Mississippi law controls.

Defendant's Motion to Determine Applicable Law is **GRANTED** and the court determines that the substantive law of the State of Mississippi applies in this case.